IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| OWNERS INSURANCE COMPANY )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DARTEA LLC d/b/a BILL'S 32 WEST, )<br>)<br>GLENDA CONLEY )<br>)<br>KIRSTEN PERVIN, as permanent custodian )<br>and guardian of S.G. and K.G., )<br>)<br>and, )<br>)<br>DAVID C. KIRK ESQ., as Special )<br>Administrator of the Estate )<br>of ASHLEY D. GONZALEZ, )<br>deceased. )<br>)<br>Defendants. ) | Case No. |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Owners Insurance Company, ("Owners"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, files this Complaint requesting Declaratory Judgment against Defendants Dartea LLC d/b/a "Bill's 32 West", Glenda Conley, Kirsten Pervin, and David C. Kirk as the special administrator of the Estate of Ashley D. Gonzalez (collectively "Defendants"), and in support states:

1. Owners brings this action seeking the interpretation of a policy of insurance it issued in Kansas to Defendant Dartea LLC d/b/a "Bill's 32 West" and a declaration of the rights

and obligations thereunder, as a result of an underlying wrongful-death action brought by Defendants Kirsten Pervin and David C. Kirk, Esq., against Defendants Dartea LLC d/b/a "Bill's 32 West" and Glenda Conley.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Owners is a foreign insurance company organized and existing under the laws of the State of Ohio, with its principal place of business in the State of Michigan, and is authorized to do business in the State of Kansas.

3. Defendant Dartea LLC d/b/a "Bill's 32 West" ("Dartea") is a company organized and existing under the laws of the State of Kansas, with its principal place of business in Kansas.

4. Defendant Glenda Conley ("Conley") was a resident and citizen of the State of Kansas at all times relevant herein.

5. Defendant David C. Kirk is the Special Administrator of the Estate of Ashley D. Gonzalez, deceased. Both Defendant Kirk and Ashley D. Gonzalez were residents of the State of Kansas at all times relevant herein

6. Defendant Kirsten Pervin is the permanent custodian and guardian of S.G. and K.G., the surviving minor children of the decedent and named as the sole heirs of the estate of Ashley D. Gonzalez. S.G. and K.G. and Defendant Pervin were residents of the State of Kansas at all times relevant herein.

7. Jurisdiction is proper with this Court pursuant to 28 U.S.C. §§ 2201-2202 because Plaintiff Owners Insurance Company seeks a determination of its rights and obligations under a liability insurance policy that it issued, for which Defendants Dartea and

2

Conley have claimed liability coverage is owed to them arising from an underlying lawsuit brought by the remaining Defendants.

8. Jurisdiction is also proper with this Court pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Owners and Defendants, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs, to the extent that this dispute concerns the amount of coverage available under a Personal Liability Policy issued by Owners which provides liability coverage subject to a policy limit of $300,000 for each occurrence.

9. Venue is proper in this district under 28 U.S.C. § 1391, because all of the Defendants are residents of the State of Kansas in which this District is located and, alternatively, a substantial part of the events or omissions giving rise to the claims at issue occurred within this same District.

## General Allegations

10. This case arises out of a civil action filed on October 25, 2018, in the District Court of Wyandotte County, Kansas under case number 2018-CV-00872 (the "Underlying Suit"), by Defendant Kirsten Pervin ("Ms. Pervin") as the permanent custodian and guardian of children S.G. and K.G. and Defendant David C. Kirk, Esq. ("Mr. Kirk") as the special administrator of the estate of the decedent Ashley Gonzalez. A copy of that Complaint is attached and filed herewith as Exhibit A.

11. The Underlying Suit claims that Defendant Dartea LLC, and Glenda Conley are liable for damages arising from an auto accident that occurred on August 10, 2017.

3

12. The Underlying Suit alleges that Ms. Conley served excessive amounts of alcohol to a third-party, Aaron Ashlock, while working as a bartender at a bar in Kansas identified as "Bill's 32 West," owned by Dartea. It alleges Mr. Ashlock had a blood alcohol level of .221 when he then left the bar and he subsequently operated his vehicle, and in the course of doing so he collided head-on into another vehicle traveling in the opposite direction.

13. The Underlying Suit alleges that the vehicle that Mr. Ashlock collided into was being driven by the decedent, Ashley Gonzalez, and that vehicle was also occupied by Ms. Gonzalez's two children, S.G. and K.G. The Underlying Suit alleges that crash resulted in the death of Ashley Gonzalez and caused serious injuries to the decedent's two children S.G. and K.G.

14. On these general allegations, the Underlying Suit brings a Count I claim of negligence against Dartea, LLC, alleging Dartea had a duty to the Plaintiffs through its business and breached that duty by: "overserving alcohol drinks to Mr. Ashlock"; "failing to offer to call and secure a ride home for Mr. Ashlock"; "failing to caution Mr. Ashlock not to operate his vehicle in his intoxicated condition"; "failing to follow its own protocols, policies, and/or procedures"; and "failing to properly train its agents, servants and employees."

15. Count II of the Underlying Suit incorporates the foregoing and alleges negligence against Glenda Conley based on the same general facts as well as allegations that Ms. Conley was the bartender working that night. It alleges Ms. Conley's negligent acts caused or contributed to Plaintiffs' injuries and the death of Ms. Gonzalez, and requests an award, including pain and suffering, in excess of $75,000.

16. Count III and IV in the Undelrying Suit re-allege the same claims from Counts I and II, and raise additional claims of negligence per se against Dartea, LLC and Glenda Conley, respectively, for violation of K.S.A. Section 41-715, a criminal statute which prohibits knowingly selling alcoholic liquor to any person who is incapacitated by the consumption of such liquor. Counts III and IV, thereby, allege plaintiffs were in the class of persons intended to be protected by that statute, and defendants violated that statute by providing alcohol to Mr. Ashlock "when they knew or should have known that he was intoxicated."

17. The Underlying Suit's Count V and VI also re-allege the preceding claims and raise additional claims of aiding and abetting against Dartea, LLC and Glenda Conley, respectively. Those counts similarly claim each defendant had a duty to Plaintiff, and breached that duty by overserving alcoholic drinks to third-party Mr. Ashlock, and that the defendants' conduct aided and abetted in causing the injuries to the decedent and her children.

18. Following service of a summons in the Underlying Suit, Defendants Dartea and Conley tendered notice of the lawsuit to Owners and requested coverage under the terms afforded by a policy of insurance issued by Owners in Kansas, to "Dartea LLC DBA Bill's 32 West", designated policy number 154613-75304311-17 ("the Policy").

19. The Policy that Owners issued to "Dartea LLC DBA Bill's 32 West" provided, *inter alia*, Commercial General Liability ("CGL") coverage, subject to various limiting provisions and exclusions, during policy periods March 29, 2017 to March 29, 2018. Pursuant to the Court's Local Rule a copy of only the relevant portions of the Policy, are attached hereto as Exhibit B as well as incorporated by reference below. *See* D. Kan. Rule 5.1(f).

20. Subject to various provisions, conditions, and exclusions, the Policy issued by Owners includes a Declaration page listing "Dartea LLC DBA Bill's 32 West" as the "insured".

21. Thereafter, the Policy includes forms and endorsements that afford CGL coverage subject to the following relevant provisions:

## SECTION I – COVERAGES
## COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

### 1. Insuring Agreement

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

    . . . .

    **b.** The insurance applies to "bodily injury" and "property damage" only if:

        **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

    . . . .

### 2. Exclusions
This insurance does not apply to:

. . . .

### c. Liquor Liability

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

    **(1)** Causing or contributing to the intoxication of any person;
    **(2)** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

6

> (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
>
> This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages. . . . .

22. Based on the foregoing policy provisions, Owners responded to Dartea and Conley's request for coverage by agreeing to participate in the defense of the Underlying Suit subject to a reservation of Owners' right to deny coverage based upon the Policy provisions and exclusions, including the exclusion barring coverage for any "bodily injury" for which "any insured may be held liable by reason of: (1) causing or contributing to the intoxication of any person; (2) The furnishing of alcoholic beverages to a person . . . under the influence of alcohol; or (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages."

23. That reservation of rights also included the right for Owners to seek declaratory judgment regarding its rights and obligations under the Policy.

24. By filing this action, Owners now seeks a declaration from the Court that Defendants Dartea and Conley are not entitled to coverage for the underlying wrongful death lawsuit pursuant to that same reservation of rights, as well as requests a declaration from the Court that the remaining Defendants have no interest in the Policy for any liability that may result from the same Underlying Suit.

### GROUNDS FOR DECLARATORY RELIEF

25. Owners incorporates by reference and re-alleges Paragraphs 1 through 24 of this Complaint as though fully stated herein.

26. The liability alleged in the Underlying Suit by Defendants Kirsten Pervin, as permanent custodian and guardian of S.G. and K.G., and David C. Kirk, Esq., as Special Administrator of the Estate of Ashley D. Gonzalez, seeks to hold Defendants Dartea and Conley liable either: (1) by reason of causing or contributing to the intoxication of a person; or (2) for furnishing of alcoholic beverages to a person under the influence of alcohol; or (3) by reason of a statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages. *See* Ex. A.

27. As a result, Defendants Dartea and Conley have submitted a request and do request that Owners provide liability coverage pursuant to the terms of the Policy.

28. Subject to the Policy's terms, provisions and exclusions, however, the Policy expressly bars liability coverage for any "bodily injury" for which "any insured may be held liable by reason of . . . causing or contributing to the intoxication of any person . . ." and Owners has no duty to defend or indemnify any Defendants for those claims.

29. Subject to the Policy's terms, the Policy also expressly bars liability coverage for any "bodily injury" for which "any insured may be held liable by reason of . . . furnishing of alcoholic beverages to a person . . . under the influence of alcohol . . ." and Owners has no duty to defend or indemnify any Defendants for those claims.

30. Subject to the Policy's terms, the Policy also expressly bars liability coverage for any "bodily injury" for which "any insured may be held liable by reason of . . . Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages," and Owners has no duty to defend or indemnify any Defendants for those claims.

31. Accordingly, the Policy excludes coverage for the claims of liability alleged in the Underlying Suit, and no coverage exists under the Policy for those claims.

32. An actual case or controversy of a justiciable nature exists between Owners and Defendants concerning the rights, obligations, and legal-duties that Owners purportedly owes to each party, because Dartea and Conley have requested coverage under the Policy issued by Owners and a dispute exists regarding Owners' contractual duties to provide liability coverage to Dartea and Conely for the wrongful death claims raised in the Underlying Suit.

33. This dispute concerns a controversy that is ongoing, Owners is incurring costs that are concrete and will continue pending resolution of that controversy by this Court, and additional litigation of this dispute is inevitable and imminent.

34. All necessary and proper parties are before the Court with respect to the matters in controversy.

35. The resolution of the questions and issues raised in this Complaint for Declaratory Judgment will dispose of all current and imminent disputes and controversies between the parties as it relates to the Defendants' claims to coverage and Owners purported obligations under the Policy with respect to the Underlying Suit.

36. Owners has no other adequate remedy at law.

37. Accordingly, Owners requests that the Court enter declaratory judgment in favor of Owners and against Defendants by determining that Owners has no legal obligation to provide liability coverage under the Policy, for the claims raised in the Underlying Suit and that those claims are excluded.

WHEREFORE, based on the foregoing facts, Plaintiff Owners Insurance Company respectfully requests for this Court to declare the rights of the parties under the Policy with respect to the Underlying Suit, and to enter judgment that finds and declares:

A.   The provisions of the Policy exclude and provide no coverage for the claims of liability asserted in the Underlying Suit against Defendants Dartea and Conley;

B.   Defendant Dartea LLC D/B/A "Bill's 32 West" is not entitled to liability coverage under the terms of coverage afforded by the Policy for the damages alleged or any damages which may result from the Underlying Suit, because the Policy excludes those claims from coverage;

C.   That Defendant Glenda Conley is not entitled to liability coverage under the terms of coverage afforded by the Policy for the damages alleged or any damages which may result from the Underlying Suit, because the Policy excludes those claims from coverage;

D.   That Defendant David C. Kirk, in his capacity as the Special Administrator of the Estate of Ashley D. Gonzalez, has no interest in or rights to claim indemnity coverage for any liability that may result in the Underlying Suit, because the Policy expressly excludes any such claims of liability from coverage;

E.   That Defendant Kirsten Pervin, in her capacity as the permanent custodian and guardian of S.G. and K.G., and on their behalf as the surviving minor children of the decedent and as the sole heirs of the estate of Ashley D. Gonzalez, all have no interest in or rights to claim indemnity coverage for any liability that may result in the

10

Underlying Suit, because the Policy expressly excludes any such claims of liability from coverage;

F.      Plaintiff Owners has no duty to defend Dartea in the Underlying Suit;

G.      Plaintiff Owners has no duty to defend Glenda Conley in the Undelrying Suit;

H.      Plaintiff Owners has no duty to indemnify Defendants Dartea and Conley for any expenses or liability that may result from the Underlying Suit or for any future settlement, judgment, or civil penalty that results from the Underlying Suit or from any other action arising out of the allegations set forth in the complaint filed in the Underlying Suit; and

I.      That Owners is entitled to such other and further and other relief as the Court deems just and proper under the law or in equity.

BROWN & JAMES, P.C.

*/s/ Timothy J. Wolf*
Timothy J. Wolf, #78289
800 Market Street, Suite 1100
St. Louis, Missouri 63101
(314) 421-3400
(314) 421-3128 (FAX)
twolf@bjpc.com
*Attorney for Plaintiff*
*Owners Insurance Company*

#20651785